**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHOSEN FIGURE LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>ISABELLA KHAIRIAH "BELLA" HADID,<br><br>      Defendant. | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Chosen Figure LLC ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Isabella Khairiah "Bella" Hadid ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications. Plaintiff herein provides photojournalism goods and services and owns the rights to these images which Plaintiff licenses to online and print publications.

3. Defendant owns and operates a social media account on Instagram known as www.instagram.com/bellahadid (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. On information and belief, Plaintiff is an individual with business address in West New York, New Jersey.

6. On information and belief, Defendant Isabella Khairiah "Bella" Hadid, is an

individual who is a citizen of the State of New York with a principal place of residence at 145 Hudson Street, Apt. 13A, New York, New York in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Isabella Khairiah "Bella" Hadid because she maintains her principal place of business in New York.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Isabella Khairiah "Bella" Hadid does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of the photograph which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

14. The Account is a part of a popular and lucrative commercial enterprise operated by Defendant.

15. On or about August 12, 2020, Plaintiff published a photograph of Isabella Khairiah "Bella" Hadid outside an apartment door (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

16. On October 12, 2020, the Photograph was registered by USCO under

Registration No. VA 2-226-691.

17. On August 16, 2020, Plaintiff first observed the Photograph on the Instagram story dated August 16, 2020. A copy of the screengrab of Instagram story including the Photograph is attached hereto as Exhibit 2.

18. The Photograph was displayed at URL: https://www.instagram.com/bellahadid/.

19. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff copyright protected Photograph as is set forth in Exhibit "1" on the Account.

20. On information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

21. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

22. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Account.

23. On information and belief, Defendant takes an active and pervasive role in the content posted on its Account.

24. On information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

25. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

26. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

27. On information and belief, Defendant monitors the content on its Account.

28. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

29. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the social media account.

30. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

31. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

32. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

33. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

34. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

35. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

36. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

37. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

38. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without

Plaintiff's consent or authority, by using them in the infringing articles on the Account.

39. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

40. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

41. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

42. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from

      any infringing use of any of Plaintiff's works;

  d.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C.;

  e.  for pre judgment interest as permitted by law; and

  f.  for any other relief the Court deems just and proper.

DATED: August 2, 2023

      **SANDERS LAW GROUP**

      By:  */s/ Craig B. Sanders*
      Craig B. Sanders, Esq.
      333 Earle Ovington Blvd., Ste. 402
      Uniondale, NY 11553
      Tel: (516) 203-7600
      Email: csanders@sanderslaw.group
      File No.: 124856
      *Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT